**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 15-4179**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTOINETTE DOMINICK SMITH,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:00-cr-00088-JAB-1)

─────────

Submitted: October 29, 2015     Decided: November 19, 2015

─────────

Before NIEMEYER and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley E. Rand, United States Attorney, Kristin J. Uicker, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoinette Dominick Smith appeals the district court's order sentencing him to a 12-month term of imprisonment and a 48-month term of supervised release upon revocation of his prior term of supervised release. Smith claims that his revocation sentence exceeds the statutory maximum penalty. We affirm.

In 2000, Smith pled guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count 1), and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012) (Count 4). Smith was sentenced to 108 months' imprisonment followed by 5 years of supervised release on Count 1 and 60 months' imprisonment followed by 5 years of supervised release on Count 4. While the prison terms were designated as consecutive, the terms of supervised release were to be served concurrently.

Some time after Smith began serving his term of supervised release, Smith's probation officer petitioned the court for revocation of release. At his revocation hearing, Smith admitted using cocaine and marijuana and conceded that he had committed a Grade B violation that, combined with his criminal history category of III, yielded a policy statement range of 8 to 14 months' imprisonment. The court determined that Smith had violated the conditions of his supervised release and imposed a sentence of 12 months in prison followed by 48 months of

2

supervised release. Neither party objected to the sentence. Smith timely appeals, arguing that the aggregate of his 12-month prison sentence and his 48-month term of supervised release exceeds the 3-year prison term permitted for a Class B felony under 18 U.S.C. § 3583(e)(3) (2012).

Because Smith did not object in the district court to the sentence imposed, we review for plain error. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." Id. Moreover, even if all three of these elements are satisfied, we will not cure the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

Both Count 1, a Class B felony, and Count 4, a Class A felony, originally subjected Smith to a term of supervised release not to exceed five years. 18 U.S.C. § 3583(b)(1) (2012); see 18 U.S.C. §§ 924(c)(1)(A)(i), 3559(a)(1), (b)(1) (2012); 21 U.S.C. § 841(b)(1)(B) (2012); United States v. Good, 25 F.3d 218, 221 (4th Cir. 1994) (holding maximum period of supervised release for first offender found guilty of § 841(b)(1)(B) offense is five years). A district court may revoke a term of supervised release and require a defendant to

3

serve in prison all or part of the term of supervised release authorized by the original statute of conviction. 18 U.S.C. § 3583(e)(3). Such a defendant may not be required to serve more than five years in prison for a Class A felony, nor more than three years in prison for a Class B felony. Id.

In addition to imprisonment, the revoking court may impose a new term of supervised release as part of the revocation sentence. 18 U.S.C. § 3583(h) (2012). The length of the new term of supervised release may not exceed the term of supervised release authorized by the original statute of conviction, less any term of imprisonment imposed upon revocation of supervised release. Id.

Smith alleges that his total punishment was limited to three years pursuant to § 3583(e)(3). Such an interpretation ignores the phrase "in prison" in § 3583(e)(3) and would render superfluous § 3583(h)'s direction that "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." It is our duty to give effect, where possible, "to every clause and word of a statute." United States v. Pratt, 239 F.3d 640, 648 (4th Cir. 2001) (internal quotation marks omitted). Based on the plain language of § 3583(e)(3) and (h), we conclude that Smith's

4

48-month term of supervised release does not exceed the maximum penalty authorized by statute.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>